UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

Plaintiff,

v.

THE BUFFALO POLICE
DEPARTMENT, OFFICER POBLOCKI,
and THE STATE OF NEW YORK,

Defendants.

---

**DECISION AND ORDER**

19-CV-00514 EAW

## **INTRODUCTION**

*Pro se* plaintiff Robert W. Johnson ("Plaintiff") commenced the instant action on April 1, 2019, purportedly alleging violations of his civil rights by Defendants.  (Dkt. 1).[1] Plaintiff neither paid the Court's filing fee nor submitted a motion to proceed *in forma pauperis*.  On May 1, 2019, the Court entered an Order requiring Plaintiff to either pay the filing fee or to file a properly supported motion to proceed *in forma pauperis*.  (Dkt. 4). Plaintiff thereafter filed a motion for leave to proceed *in forma pauperis* (Dkt. 6) and a motion for a hearing on his *in forma pauperis* motion (Dkt. 7).

---

[1]     The action was originally commenced in the United States District Court for the Southern District of New York.  On April 5, 2019, that court entered an order transferring the matter to the instant Court.  (Dkt. 1).  The transfer order noted that Plaintiff had neither sought leave to proceed *in forma pauperis* nor paid the required filing fee, but left the resolution of that issue to this Court.  (*Id.* at 3).

The Court has reviewed Plaintiff's motion for *in forma pauperis* status and it is granted. Plaintiff's motion for a hearing on his *in forma pauperis* motion is accordingly denied as moot. The Court has also reviewed the Complaint as required by 28 U.S.C. § 1915(e)(2) and finds that it must be dismissed for failure to state a cognizable cause of action.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint. (Dkt. 1). As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On January 28, 2017, Plaintiff was a passenger in a 2008 Chevrolet Trailblazer operated by Demetrius Moore ("Moore"). (*Id.* at 4). Moore's vehicle was involved in a rear-end collision caused by Maureen Fabre ("Fabre"), a resident of Buffalo who was operating a 1999 Oldsmobile. (*Id.* at 4-5). Plaintiff suffered "serious injuries and pain and suffering" as a result of the collision. (*Id.* at 5).

Fabre was operating her vehicle with a suspended license at the time of the collision but was not arrested. (*Id.*). Further, defendant Officer Poblocki "did not write down accurate car accident description notes." (*Id.* at 5-6).

Based on these facts, Plaintiff alleges that Defendants violated his civil rights "for failure to arrest a suspended license driver who injured a person(s), Failed to follow proper police conduct, Denial and negligence in properly responding immediately to a car accident in which is a violation of Due Process Rights of Plaintiff [sic]." (*Id.* at 6).

## DISCUSSION

I.   **Plaintiff's Motion for In Forma Pauperis Status is Granted**

Plaintiff's affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status and permission to proceed *in forma pauperis* is granted. The Court now turns to its obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

II.   **Screening Order**

A.   **Standard of Review**

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, No. 6:17-CV-06121(MAT), 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

**B.** **Plaintiff has Failed to State a Cognizable Claim**

Having reviewed Plaintiff's allegations, the Court finds that he has failed to state a cognizable cause of action and that his Complaint must be dismissed. To state a claim under the federal civil rights statute, 42 U.S.C. § 1983, a plaintiff must allege that: "the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

As set forth above, the gravamen of Plaintiff's claim is that Defendants failed to properly investigate the car accident that occurred on January 28, 2017, including by failing to arrest Fabre and by failing to take accurate notes. "[I]t is well-settled that there is no constitutional right to an investigation by government officials at all." *Head v. Ebert*, No. 14-CV-6546, 2017 WL 3017395, at *2 (W.D.N.Y. July 11, 2017) (collecting cases and dismissing claim that defendants failed to properly investigate an alleged assault). Plaintiff therefore cannot maintain this action based on his allegation that defendants failed to properly investigate the car accident that is the subject of his Complaint.

Moreover, with respect to Plaintiff's claim that Defendants failed to arrest Fabre, the Supreme Court has held that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due

- 4 -

Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005). In other words, neither the alleged failure to properly investigate the car accident nor the alleged failure to arrest Fabre can support a due process claim by Plaintiff, nor do Plaintiff's allegations plausibly suggest that any other of his federal rights, constitutional or statutory, have been violated. Plaintiff's claims accordingly must be dismissed.

Ordinarily the Court would allow a *pro se* litigant the opportunity to amend his complaint prior to dismissal. However, in this case, the flaws in Plaintiff's pleadings cannot be cured through more fulsome pleading. Additional facts cannot change the legal conclusion that Defendants were under no federal obligation to respond to the motor vehicle collision at issue in the manner Plaintiff contends they should have. As such, the Court does not grant Plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 6) is granted. Plaintiff's motion for a hearing (Dkt. 7) is denied as moot.

Plaintiff's Complaint has been screened in accordance with 28 U.S.C. § 1915(e)(2) and the Court concludes that Plaintiff has failed to state a claim, and that additional allegations cannot cure the defects in Plaintiff's pleading. Accordingly, Plaintiff's claims are dismissed. The Clerk of Court is instructed to enter judgment and close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and, therefore leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438

(1962).  Any request to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.


ELIZABETH A. WOLFORD
United States District Judge

Dated:        January 13, 2020
              Rochester, New York